UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

SINNERS AND SAINTS, LLC
          *Plaintiff*

VERSUS                                         CASE NO: 12-866

NOIRE BLANC FILMS, LLC AND
ANCHOR BAY ENTERTAINMENT, LLC
          *Defendant*

## COMPLAINT

Plaintiff, Sinners and Saints, LLC, by its attorneys, complaining of the Defendants herein allege as follows:

### JURISDICTION AND VENUE

1. This action is for copyright infringement and unfair competition. It arises under the Copyright Act of the United States (17 U.S.C. § 101, et seq.) by virtue of the Defendant's inducement and encouragement of and material contributions to the unauthorized reproduction, distribution, and sale of motion pictures owned and/or controlled by the Plaintiff and the Lanham Act by virtue of Defendant's unfair competition and false designation as explored hereinafter. This Court has exclusive jurisdiction of this action under Section 1338(a) of the United States Code (28 U.S.C. §1338(a)).

2. Plaintiff also invokes the Court's supplemental jurisdiction relative to certain related state law claims.

3. Venue is proper in this Court pursuant to U.S.C. § 1391(b). The production services and production management for the motion picture entitled "Sinners and Saints" which gives rise to this action occurred in this district.

## THE PARTIES

4. Plaintiff, Sinner and Saints, LLC ("Plaintiff") is a Louisiana limited liability with its principal place of business located at 1640 Tiffany Lane, Mandeville, Louisiana 70448.

5. Upon information and belief, Defendant, Noire Blanc Films, LLC, ("Noire Blanc") is a California limited liability company with its principal place of business located at 7083 Hollywood Blvd., Suite 180, Los Angeles, California 90028. Upon information and belief, Noire Blanc Films is qualified to do business and is doing business in this district.

6. Upon information and belief, Defendant, Anchor Bay Entertainment, LLC ("Anchor Bay") is a Delaware limited liability company with its principal place of business located at 2401 W. Big Beaver Road, Suite 200, Troy, Michigan 48084, which can be served c/o The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. Upon information and belief, Anchor Bay is qualified to do business and is doing business in this district.

## BACKGROUND FACTS

7. Plaintiff is and, at all times relevant to the matters alleged in this Complaint, engaged in the business of creating, producing, distributing, and marketing motion pictures intended for commercial exhibition and/or broadcast through various means.

8. In 2008, Plaintiff was engaged to provide production services and production management for the motion picture entitled "Sinners and Saints" (hereinafter referred to as the "motion picture").

9. Plaintiff employed many of the above-the-line and below-the-line personnel as well as many of the actors and actresses who appeared in the motion picture, including but not limited to:

| Name | Role |
| --- | --- |
| Tom Banks | Director of Photography |
| Mark Clark | Producer |
| Vito Trabucco | Special Effects |
| Justin Frazier | Cast |
| Johnny Walters | Cast |
| Maya Stojan | Cast |
| Cathenne Edigcrova | Cast |
| Ellis McGehee | Cast |
| Kristen Marie Flores | Cast |
| Lourenda Betlazar | Cast |
| Ian Muramatsu | Cast |
| Milciros Garoes | Cast |
| James F. Jones, Jr. | Cast |
| Glen Vorhis | Cast |
| Richard Kwon | Cast |
| Gregory Seaz | Cast |
| Alan P. | Cast |
| Cesar Cipriano | Cast |
| James C. Gregory | Cast |
| Jeremy Ansecar | Cast |
| Arioci Antonino Davide | Cast |
| Begnis Luigi Willis | Cast |
| Alexis Rossean | Cast |
| Gabriel Walker | Cast |
| Fred Diegerbiero | Cast |
| Mike Munoz | Cast |
| Gerald Etcheverry | Cast |
| Ari Mandy | Cast |
| John Ceallach | Cast |
| Esau McKnight, Jr. | Cast |
| Al Cruz | Cast |
| Patricia K. Dodson | Cast |
| Jonathan Lakatos | Cast |
| Chris Lisciandro | Cast |

10. Each of the above individuals executed contracts for the work and/or service provided.

11. The Agreement with each of the above named individuals provided the Plaintiff the exclusive right to use each employee's name and likeness in connection with their work on the motion picture, and further, made Plaintiff, the rightful owner of the results and proceeds of their work.

12. Plaintiff is currently and at all relevant times has been the sole proprietor of all right, title, and interest in and to the result and proceeds of its employee's work.

13. Plaintiff is informed and believes, and on that basis, alleges, that Defendant, Noire Blanc, knowingly and willfully incorporated the results and proceeds of Plaintiff's employees' work in the film "Sinners and Saints" without authorization or written transfer of the ownership rights granted to Plaintiff. Plaintiff is further informed and believes, and on that basis, alleges that Defendant, Noire Blanc, has infringed copyright to Plaintiff's work and is selling illegal and unauthorized copies of the motion picture containing the results and proceeds of its employee's work.

14. Notices of these infringing activities were communicated to Defendants on November 29, 2011.

15. Noire Blanc and Defendant, Anchor Bay entered into an agreement whereby Anchor Bay agreed to be the exclusive manufacturer, distributor and marketer of the motion picture "Sinners and Saints" and is currently manufacturing, distributing and/or delivering the Motion Picture through various other mediums.

16. Defendants, Noire Blanc and Anchor Bay, have undertaken the above mentioned activities without request of, or consent from, Plaintiff. It's illegal activities are, moreover, directly competitive with Plaintiff's commercial plans and activities.

17. On November 29, 2011, undersigned counsel sent Defendant, Anchor Bay, a cease and desist letter advising them of the conflict at issue in this lawsuit. Defendant, Anchor Bay, advised that they licensed their distribution rights from Defendant, Noire Blanc.

18. The natural, probable, and foreseeable result of the Defendants' wrongful conduct has been and will continue to be to deprive Plaintiff of the benefits of selling Plaintiff's subject work and its other products, to deprive Plaintiff of goodwill, and to injure Plaintiff's relations with present and prospective customers.

19. Additionally, utilization of the subject work and the results and proceeds of Plaintiff's employees' work has destroyed the commercial value of Plaintiff's property, which, at the time, was being prepared for commercial exploitation.

20. Plaintiff is informed and believes, and on that basis, alleges that it has lost and will continue to lose substantial revenues from the sale of the subject work and other products and will sustain damages as a result of Defendants' wrongful conduct and Defendants' production and sale of these infringing products. Defendants' wrongful conduct has also deprived and will continue to deprive Plaintiff of opportunities for expanding its goodwill.

21. Plaintiff is informed and believes, and on that basis, alleges, that unless enjoined by this Court, Defendants' intent to continue its course of conduct and to wrongfully use, infringe upon, sell and otherwise profit from Plaintiff's subject work and works derived from it. As a direct and proximate result of the acts of the Defendants alleged above, Plaintiff has already suffered irreparable damages and has sustained lost profits. Plaintiff has no adequate remedy at law to redress all of the injuries that Defendants' have caused

and intend to cause by its conduct. Plaintiff will continue to suffer irreparable damage and sustain lost profits until Defendants' actions alleged above are enjoined by this Court.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGMENT

22. Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 21, inclusive, and incorporates them herein by this reference.

23. By its actions alleged above, Defendants have willfully infringed and will continue to infringe Plaintiff's copyright in and relating to the subject work and the results and proceeds of Plaintiff's employees' work by manufacturing, advertising, producing, distributing, and placing upon the market the motion picture entitled "Sinners and Saints".

24. Plaintiff is entitled to an injunction restraining Defendants, its officers, agents, and employees, and all persons acting in concert with them, from engaging in any further such acts in violation of the copyright laws.

25. Plaintiff is further entitled to recover from Defendants the damages, including attorneys' fees, it has sustained and will sustain, and any gains, profits, and advantages obtained by Defendants' as a result of Defendants' acts of infringement alleged above. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff.

## SECOND CLAIM FOR RELIEF
## CONVERSION

26. Plaintiff re-alleges each and every allegation set forth in Paragraph 1 through 25, inclusive, and incorporates them herein by this reference.

27. The results and proceeds of Plaintiff's employees' work is owned by the Plaintiff.

28. Upon information and belief, Defendant, Noire Blanc, willfully maliciously and intentionally misappropriated the results and proceeds of Plaintiff's employees' work and supplied it to Defendant, Anchor Bay, to manufacture, advertise, and distribute as "Sinners and Saints."

29. Defendant, Noire Blanc, converted the results and proceeds of Plaintiff's employees' work for its own, exclusive use.

30. Defendant's actions constitute conversion, all in contravention of the laws of the state of Louisiana.

### THIRD CLAIM FOR RELIEF
### UNFAIR TRADE PRACTICES (STATE LAW)

31. Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 30, inclusive, and incorporates them herein by this reference.

32. Defendants' conduct alleged above constitutes unlawful, unfair, and/or fraudulent business practices in violation of Louisiana law.

33. By reason of Defendants' infringing activities, Plaintiff has sustained and will continue to sustain substantial injury, loss and damage to its ownership rights. Furthermore, these wrongful, infringing activities have proximately caused and will continue to cause Plaintiff loss of customers, dilution of its goodwill, confusion of existing and potential customers, injury to its reputation, and diminution of the value of its products.

34. The harm these wrongful and infringing activities will cause Plaintiff is both imminent and irreparable, and the amount of damage sustained by Plaintiff will be difficult to ascertain if these acts continue. Plaintiff has no adequate remedy at law.

35. Plaintiff is entitled to an injunction restraining Defendant, its officers, agents, employees and all persons acting in concert with them from engaging in further such unlawful and infringing conduct.

### FOURTH CLAIM FOR RELIEF
### ACCOUNTING

36. Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 35, inclusive, and incorporates them herein by this reference.

37. This Court has jurisdiction over this Count under the doctrine of pendent jurisdiction.

38. Defendant, Anchor Bay, has released and sold to the public the DVD entitled "Sinners and Saints" which contains the results and proceeds of Plaintiff's employees' work. As a result of such sales, Defendants have received substantial sums of money, the exact amount of which is at this time unknown.

39. The exact amount of money received by the Defendants is unknown to the Plaintiff and can only be determined by an accounting.

40. Plaintiff demands a full accounting of all advances, recoupable costs claimed, royalties and income information related to all forms of exploitation of "Sinners and Saints."

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, Noire Blanc and Anchor Bay, as follows:

1. That the Court find that the Defendants have infringed Plaintiff's copyrights in the subject work.

2. That the Court find a substantial likelihood that Defendants will continue to infringe Plaintiff's copyrights in the subject work unless enjoined from doing so.

3. That Defendants, its directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined from directly or indirectly infringing Plaintiff's copyrights in the results and proceeds of Plaintiff's employees' work or continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop, or manufacture any works derived or copied from the subject work or to participate or assist in any such activity.

4. That Defendants, its directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined to return to Plaintiff any and all originals, copies, facsimiles, or duplicates of the results and proceeds of Plaintiff's employees' work subject work in their possession, custody or control.

5. That Defendants, its directors and officers, agents, servants, employees and all other persons in active concert or privity or in participation with them, be enjoined to recall from all distributors, and all others known to Defendants, any originals, copies, facsimiles, or supplicates of any works shown by the evidence to infringe upon any work owed by the Plaintiff.

6. That Defendant be enjoined to deliver upon oath, to be impounded during the pendency of this action and destroyed pursuant to judgment herein, all originals, copies, facsimiles, or duplicates of any work shown by the evidence to infringe upon any work owned by the Plaintiff.

7. That Defendants be required to file with the Court and to serve on Plaintiff, within thirty (30) days after service of the Court's order as herein prayed, a report in writing

under oath setting forth in detail the manner and form in which Defendants has complied with the Court's order.

8. That judgment be entered for Plaintiff and against Defendants for Plaintiff's actual damages according to proof, and for any profit attributable to infringements of Plaintiff's works, in accordance with proof.

9. That Defendants' be required to account for all gains, profits, and advantages derived from its acts of infringement and for its other violations of law.

10. That all gains, profits, and advantages derived by Defendants from its acts of infringement and other violations of law be deems to be held in constructive trust for the benefit of Plaintiff.

11. That an accounting be made between the Plaintiff and Defendants.

12. That a payment to Plaintiff be made of the amount due from Defendants.

13. That Plaintiff have judgment against Defendants for Plaintiff's costs and attorneys' fees.

14. That the Court grant such other, further, and different relief as the Court deems proper under the circumstances.

                        RESPECTFULLY SUBMITTED:

                        THE MAUGHAN LAW FIRM

                        _____
                        ROY H. MAUGHAN, JR., #17672
                        NAMISHA D. PATEL, #31911
                        634 CONNELL'S PARK LANE
                        BATON ROUGE, LOUISIANA 70806
                        TELEPHONE: (225) 926-8533
                        FAX: (225) 926-8556
                        *Attorneys for Sinners and Saints, LLC*