UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SINNERS AND SAINTS, LLC** | **CIVIL ACTION NO.** |
| *Plaintiff* | **2:12-CV-00866** |
| **VERSUS** | |
| | **JUDGE CARL J. BARBIER** |
| **NOIRE BLANC FILMS, LLC AND** | |
| **ANCHOR BAY ENTERTAINMENT, LLC** | **MAG. JUDGE ALMA CHASEZ** |
| *Defendant* | |

_____

**FIRST AMENDING COMPLAINT**
**(JOINING NEW PARTIES PURSUANT TO FRCP 15 AND 20)**
_____

Plaintiff, Sinners and Saints, LLC, by its attorneys, complaining of the Defendants herein allege as follows:

**THE PARTIES**

1. Plaintiff, Sinner and Saints, LLC ("Plaintiff" or "Company") is a Louisiana limited liability company with its principal place of business located at 1640 Tiffany Lane, Mandeville, Louisiana 70448.

2. Defendant, Noire Blanc Films, LLC, ("Noire Blanc"), is a California limited liability company with its principal place of business located at 7083 Hollywood Blvd., Suite 180, Los Angeles, California 90028.

3. Defendant, Anchor Bay Entertainment, LLC ("Anchor Bay"), is a Delaware limited liability company with its principal place of business located at 2401 W. Big Beaver Road, Suite 200, Troy, Michigan 48084.

4. Defendant, Moonstone Entertainment, Inc. ("Moonstone"), is a California corporation with its principal place of business located at 3539 Laurel Canyon Blvd., Studio City, California 91604.

5. Upon information and belief, Defendant, Hiscox Insurance Company, Inc. ("Hiscox"), is a foreign insurance company authorized to and doing business in the State of Louisiana, which can be served through the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

## JURISDICTION AND VENUE

6. This action is for copyright infringement and unfair competition. It arises under the Copyright Act of the United States (17 U.S.C. § 101, et seq.) by virtue of the Defendants' inducement and encouragement of and material contributions to the unauthorized reproduction, distribution, and sale of a motion picture owned and/or controlled by the Plaintiff and the Lanham Act by virtue of Defendant's unfair competition and false designation as set forth hereinafter. This Court has the exclusive jurisdiction to hear these claims under Section 1338(a) of the United States Code (28 U.S.C. §1338(a)).

7. Plaintiff also invokes the Court's supplemental jurisdiction relative to certain related state law claims pled against Noire Blanc, Anchor Bay, and Moonstone which share a common nucleus of operative facts with the federal law claims.

8. Venue is proper in this Court as to the claims alleged against Noire Blanc pursuant to U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district. Specifically, the motion picture was filmed in this district. The production services and production management for the motion picture which gives rise to this action was performed in this district. Noire Blanc was at all relevant times conducting business in this district.

9. Venue is proper in this Court as to the claims alleged against Anchor Bay and Moonstone because of these defendants inducement and encouragement of and material contributions

to the unauthorized reproduction, distribution, and sale of the motion picture owned and/or controlled by the Plaintiff and the Lanham Act by virtue of Defendant's unfair competition and false designation as set forth hereinafter. Additionally, Anchor Bay and Moonstone are alleged to be jointly liable with Noire Blanc.

10. Venue is proper in this Court as to the claims alleged against Hiscox because it is the insurer for Noire Blanc, Anchor Bay and Moonstone and as such is liable jointly and severally with the other Defendants which it insures.

## BACKGROUND FACTS

11. Plaintiff/Company is a member-managed Louisiana limited liability company with two members owning equal membership interest in the Company: Daniel Garcia ("Garcia") and Mark Clark ("Clark").

12. The Company was organized by Garcia and Clark for the purpose of creating, producing, distributing, and marketing a motion picture intended for commercial exhibition, distribution and/or broadcast through various means and media.

13. Garcia and Clark did not enter into a written operating agreement governing the management of the Company, therefore, their authority to contract for the Company is governed by La. R.S. 12:1318 et seq.

14. Garcia and Clark are mandatories of the Company for all matters in the ordinary course of its business; however, a majority vote of the members is required to transfer all or substantially all of the Company's assets.

15. A majority vote in this case would require unanimous consent because Garcia and Clark own an equal membership interest in the Company.

16. In 2008 and 2009, Plaintiff, Sinners and Saints, LLC, started production on a motion

picture entitled "Sinners and Saints" (hereinafter referred to as the "Motion Picture").

17. Plaintiff paid and/or employed most, if not all, of the above-the-line and below-the-line personnel as well as many of the actors and actresses who appeared and rendered their services during the production of the Motion Picture, including but not limited to:

| | |
|---|---|
| William Kauffman | Director |
| Tom Banks | Director of Photography |
| Mark Clark | Producer |
| Vito Trabucco | Special Effects |
| Justin Frazier | Cast |
| Johnny Walters | Cast |
| Maya Stojan | Cast |
| Cathenne Edigcrova | Cast |
| Ellis McGehee | Cast |
| Kristen Marie Flores | Cast |
| Lourenda Betlazar | Cast |
| Ian Muramatsu | Cast |
| Milciros Garoes | Cast |
| James F. Jones, Jr. | Cast |
| Glen Vorhis | Cast |
| Richard Kwon | Cast |
| Gregory Seaz | Cast |
| Alan P. | Cast |
| Cesar Cipriano | Cast |
| James C. Gregory | Cast |
| Jeremy Ansecar | Cast |
| Arioci Antonino Davide | Cast |
| Begnis Luigi Willis | Cast |
| Alexis Rossean | Cast |
| Gabriel Walker | Cast |
| Fred Diegerbiero | Cast |
| Mike Munoz | Cast |
| Gerald Etcheverry | Cast |
| Ari Mandy | Cast |
| John Ceallach | Cast |
| Esau McKnight, Jr. | Cast |
| Al Cruz | Cast |
| Patricia K. Dodson | Cast |
| Jonathan Lakatos | Cast |
| Chris Lisciandro | Cast |

18. Each of the above individuals executed contracts with the Company relating to their work

and/or the services provided during the production of the Motion Picture and thereby granted certain exclusive rights to Sinners and Saints, LLC. An exemplar agreement executed by Mark Clark is attached as exhibit 1 and incorporated as if fully recited.

19. The contract with each of the above named individuals provided the Plaintiff with the exclusive right to use each employee's name and likeness in connection with their work during the production of the Motion Picture, and further made Plaintiff the rightful owner of the results and proceeds of their work.

20. The motion picture, containing the results and proceeds of the Plaintiffs' employees work or services is intellectual property which belongs to Sinners and Saints, LLC and is of significant value to the company. In other words, it was the Company's only asset.

21. Plaintiff remains and at all relevant times has been the sole proprietor of all right, title, and interest in and to its intellectual property rights i.e. the results and proceeds of its employee's work. Additionally, Plaintiff is the copyright claimant to the Motion Picture.

22. Additionally, Garcia assisted with the production of the Motion Picture and as a producer, contributed to the creative process when the Motion Picture was filmed.

23. No valid instrument exists transferring the Company's ownership of its intellectual property interests to Noire Blanc or any other person or entity.

24. On June 7, 2012, Plaintiff filed a copyright application for the Motion Picture, paid the requisite fees, received confirmation of the filing from the U.S. Copyright Office and made a complete material deposit to the U.S. Copyright Office in accordance with the statute.

25. Shortly after the Motion Picture was "finished" and without consultation or authority from the other equal member of the Company, Clark allegedly executed a "Production

Services Agreement" on behalf of the Company, transferring all or substantially all of the Plaintiff's assets to Defendant, Noire Blanc. Specifically, Clark transferred all right, title and interest in and to the Motion Picture along with the rights to the results and proceeds of Company's employee's work.

26. Noire Blanc is owned equally by Clark and William Kauffman ("Kauffman").

27. Furthermore, the Production Services Agreement Clark allegedly executed on behalf of Sinners and Saints, LLC required, among other things, that Company pay all debts that would become due in the future to the Screen Actors Guild as a result of Defendants' exhibition of the Motion Picture.

28. In essence, Clark's actions stripped the Company of all its property/assets, its only means to generate income and obligated it to pay debts that would arise in the future as a result of Noire Blanc's exploitation of the Motion Picture.

29. Plaintiff maintains the Production Services Agreement executed by Clark on behalf of the Company is invalid because Clark lacked the authority as a member of Company to execute the Production Services Agreement with Noire Blanc without Garcia's consent. Clark was disposing all or substantially all of the Company's assets and the Company was left insolvent.

30. Plaintiff is informed and believes, and on that basis, alleges that Defendant, Noire Blanc, through its agents, Clark and Kauffman, knowingly and willfully incorporated the intellectual property owned by Company into a motion picture Noire Blanc claims to own and presently distributes through Defendants, Anchor Bay and Moonstone, by the same title.

31. Plaintiff is further informed and believes, and on that basis, alleges that Defendant, Noire

Blanc, has infringed copyright to Plaintiff's work and is distributing, selling or licensing for sale illegal and unauthorized copies of the Motion Picture.

32. Notices of these infringing activities were communicated to Defendants, Noire Blanc and Anchor Bay, on November 29, 2011. Notwithstanding, Defendants proceeded and continue to exploit the Motion Picture under authority of Noire Blanc and as property owned by Noire Blanc.

33. Noire Blanc and Anchor Bay entered into an agreement whereby Anchor Bay agreed to be the manufacturer, distributor and marketer of Noire Blanc's motion picture "Sinners and Saints" and is currently manufacturing, distributing and/or delivering the Motion Picture through various media and mediums throughout the world.

34. Noire Blanc and Moonstone also entered into a distribution agreement whereby Moonstone agreed to be a manufacturer, distributor and marketer of the Noire Blanc motion picture "Sinners and Saints" and is currently manufacturing, distributing and/or delivering the Motion Picture through various media and mediums throughout the world.

35. Defendants, Noire Blanc, Anchor Bay, and Moonstone have undertaken the above-mentioned activities without the permission or consent of the Plaintiff. Their illegal activities are, moreover, directly competitive with Plaintiff's commercial plans and activities.

36. On November 29, 2011, undersigned counsel sent Defendant, Anchor Bay, a letter demanding Anchor Bay cease and desist its commercial activities related to the Motion Picture and advised Anchor Bay of Sinners claim. Anchor Bay, advised that it licensed its distribution rights from Defendant, Noire Blanc.

37. The natural, probable, and foreseeable result of the Defendants' wrongful conduct has been and will continue to be to deprive Plaintiff of the benefits and value associated with its property, to deprive Plaintiff the right to profit from its property, to deprive Plaintiff of goodwill, and to injure Plaintiff's relations with present and prospective distributors.

38. Additionally, Defendants' exploitation of the Plaintiff's film which includes the results and proceeds of Plaintiff's employees' work has destroyed the commercial value of Plaintiff's property.

39. Plaintiff is informed and believes, and on that basis, alleges that it has lost and will continue to lose substantial revenues and other damages as a result of Defendants' wrongful conduct and Defendants' production and sale of Noire Blanc' infringing production "Sinners and Saints."

40. Plaintiff is informed and believes, and on that basis, alleges that unless enjoined by this Court, Defendants' intend to continue their course of conduct and to wrongfully use, infringe upon, sell and otherwise profit from Plaintiff's subject work and works derived from it.

41. As a direct and proximate result of the acts of the Defendants alleged above, Plaintiff has already suffered irreparable damages as well as lost profits. Plaintiff has no adequate remedy at law to redress all of the injuries that Defendants have caused and intend to cause by its conduct. Plaintiff will continue to suffer irreparable damage and sustain lost profits until this Court enjoins Defendants' actions alleged above.

## FIRST CLAIM FOR RELIEF
## INVALIDITY/NULLITY OF THE "PRODUCTION SERVICES AGREEMENT"

42. Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 41, inclusive, and incorporates them herein by this reference.

43. Clark exceeded the scope of his authority when he transferred the only property owned by the Company to Noire Blanc and obligated the Company to pay debts owed to the Screen Actors Guild, which are accruing and resulting from Noire Blanc's commercial exploitation of the Motion Picture.

44. Clark's actions have left the Company insolvent.

45. Clark's actions obligated the Company to pay debts currently arising out the Defendants' commercial exploitation of the Motion Picture.

46. Plaintiff seeks and is entitled to have the Production Services Agreement executed by Clark on behalf of Plaintiff and Kauffman on behalf of Noire Blanc voided as an unauthorized and unlawful act, in contravention of La. R.S. 12:1317 and 1318.

47. Additionally the "Production Services Agreement" is void and of no effect because it was executed by Clark before Company was legally organized as an entity with the Louisiana Secretary of State.

## SECOND CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT AGAINST NOIRE BLANC

48. Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 47, inclusive, and incorporates them herein by this reference.

49. As a member of Sinners and Saints, LLC and Noire Blanc, Clark knowingly and willfully infringed Plaintiffs copyright and will continue to infringe Plaintiff's copyright in and to the Motion Picture by manufacturing, advertising, producing, distributing, and licensing Noire Blanc's infringing motion picture.

50. Additionally, Clark executed the Production Services Agreement before Company was legally organized as a lawful entity in the State of Louisiana.

51. Plaintiff is entitled to an injunction restraining Noire Blanc, its officers, agents, and employees, and all persons acting in concert with them, from engaging in any further such acts in violation of the copyright laws.

52. Plaintiff is further entitled to recover from Noire Blanc the damages, including attorneys' fees, it has sustained and will sustain, as well as any gains, profits, and advantages obtained by Noire Blanc as a result of its acts of infringement alleged above. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff. Plaintiff reserves the right to seek actual or statutory damages at its election.

### THIRD CLAIM FOR RELIEF
### CONVERSION AGAINST NOIRE BLANC

53. Plaintiff re-alleges each and every allegation set forth in Paragraph 1 through 52, inclusive, and incorporates them herein by this reference.

54. The results and proceeds of Plaintiff's employees' work is intellectual property owned by the Plaintiff.

55. Upon information and belief, Noire Blanc knowingly, willfully, and maliciously misappropriated the results and proceeds of Plaintiff's employees' work, packaged it as its own product and licensed it to Defendants, Anchor Bay and Moonstone, to manufacture, advertise, and distribute as Noire Blanc's production.

56. Noire Blanc converted Plaintiff's intellectual property and is exploiting it as its own.

57. Noire Blanc's actions constitute conversion, all in contravention of the laws of the state of Louisiana.

## FOURTH CLAIM FOR RELIEF
## UNFAIR TRADE PRACTICES (STATE LAW) AGAINST NOIRE BLANC

58. Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 57, inclusive, and incorporates them herein by this reference.

59. Noire Blanc's conduct alleged above constitutes unlawful, unfair, and/or fraudulent business practices in violation of Louisiana law.

60. By reason of Noire Blanc's unfair practices, Plaintiff has sustained and will continue to sustain substantial injury, loss and damage to its ownership rights. Furthermore, these wrongful, infringing activities have proximately caused and will continue to cause Plaintiff loss of customers, dilution of its goodwill, confusion of existing and potential customers, injury to its reputation, and diminution of the value of its products.

61. The harm these wrongful and infringing activities will cause Plaintiff is both imminent and irreparable, and the amount of damage sustained by Plaintiff will be difficult to ascertain if these acts continue. Plaintiff has no adequate remedy at law.

62. Plaintiff is entitled to an injunction restraining Noire Blanc, its officers, agents, employees and all persons acting in concert with it from engaging in further conduct and for damages, general and special as provided for in the law and as reasonable in the premises.

## FIFTH CLAIM FOR RELIEF
## CONTRIBUTORY COPYRIGHT INFRINGEMENT AGAINST ANCHOR BAY

63. Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 62, inclusive, and incorporates them herein by this reference.

64. Anchor Bay knew or had reason to know of the infringement of Plaintiff's copyright in and relating to the Motion Picture.

65. By engaging in the unauthorized and illegal conduct alleged in this Complaint, and in addition to directly organizing and effectuating such infringing activities, Anchor Bay has induced, caused, and materially contributed to Noire Blanc's infringing conduct.

66. Defendant, Noire Blanc and Anchor Bay undertook the above-alleged actions individually and jointly with the motive of profiting from the Plaintiffs intellectual property to Plaintiffs determent.

67. Noire Blanc and Anchor Bay conspired and acted in concert with one another to accomplish their scheme to commit such acts, which they knew or should have known would damage, violate and infringe Plaintiff's copyright in and to the Motion Picture and violate Plaintiffs exclusive right to the results and proceeds of Plaintiff's employees' work.

68. As a result of Noire Blanc and Anchor Bay's unlawful and deliberate conduct set forth above, Plaintiffs have been, and will continue to be damaged.

69. Anchor Bay's unlawful conduct as set forth herein was knowingly, deliberates, intentional, malicious and willful.

70. As a result of Noire Blanc and Anchor Bay's unlawful conduct, both, in addition to their liability for direct infringement of Plaintiff's copyrights are jointly and severally liable for contributory infringement of Plaintiff's copyrights and other intellectual property rights.

71. Noire Blanc and Anchor Bay's actions have caused and will continue to cause irreparable damage to Plaintiff, for which Plaintiff has no remedy at law. Unless Noire Blanc and Anchor Bay are restrained by this Court from continuing their infringement of Plaintiff's copyrights, these injuries will continue to occur in the future. Plaintiff is accordingly

entitled to injunctive relief restraining Noire Blanc and Anchor Bay from further infringement.

72. Plaintiff is further entitled to recover from Anchor Bay the damages, including attorneys' fees, it has sustained and will sustain, as well as any gains, profits, and advantages obtained by Anchor Bay as a result of its acts of infringement alleged above. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff. Plaintiff reserves the right to seek actual or statutory damages at its election.

### SIXTH CLAIM FOR RELIEF
### CONTRIBUTORY COPYRIGHT INFRINGEMENT AGAINST MOONSTONE

73. Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 72, inclusive, and incorporates them herein by this reference.

74. Moonstone knew or had reason to know of the infringement of Plaintiff's copyright in and relating to the Motion Picture.

75. By engaging in the unauthorized and illegal conduct alleged in this Complaint, and in addition to directly organizing and effectuating such infringing activities, Moonstone induced, caused, and materially contributed to Noire Blanc's infringing activities.

76. Defendant, Noire Blanc and Moonstone undertook the above-alleged actions both individually and jointly.

77. Noire Blanc and Moonstone conspired and acted in concert with one another to accomplish their scheme to commit such acts, which they knew or should have known would damage, violate and infringe Plaintiff's copyright in and to the Motion Picture and result in the misappropriation of Plaintiff's intellectual property which include the results and proceeds of Plaintiff's employees' work.

78. As a result of Noire Blanc and Moonstone's unlawful and deliberate conduct set forth above, Plaintiffs have been, and will continue to be damaged.

79. Moonstone's unlawful conduct as set forth herein was knowingly, deliberates, intentional, malicious and willful.

80. As a result of Noire Blanc and Moonstone's unlawful conduct, both, in addition to their liability for direct infringement of Plaintiff's copyrights are jointly and severally liable for contributory infringement of Plaintiff's copyrights and other intellectual property rights.

81. Noire Blanc and Moonstone's actions have caused and will continue to cause irreparable damage to Plaintiff, for which Plaintiff has no remedy at law. Unless Noire Blanc and Moonstone are restrained by this Court from continuing their infringement of Plaintiff's copyrights, these injuries will continue to occur in the future. Plaintiff is accordingly entitled to injunctive relief restraining Noire Blanc and Moonstone from further infringement.

82. Plaintiff is further entitled to recover from Moonstone the damages, including attorneys' fees, it has sustained and will sustain, as well as any gains, profits, and advantages obtained by Moonstone as a result of its acts of infringement alleged above. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff. Plaintiff reserves the right to seek actual or statutory damages hereby at its election.

## SEVENTH CLAIM FOR RELIEF
## JOINT, SEVERAL AND IN SOLIDO LIABILITY OF HISCOX

83. Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 82, inclusive, and incorporates them herein by this reference.

84. At the time of the conduct complained above, Hiscox insured Noire Blanc, Anchor Bay and Moonstone for the negligent acts and omissions complained of herein and is therefore liability jointly, severally, and in solido with the Defendants.

### EIGHTH CLAIM FOR RELIEF
### VIOLATIONS OF SECTION 43(a) OF THE LANHAM ACT
### AGAINST ALL DEFENDANTS

85. Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 84, inclusive, and incorporates them herein by this reference

86. As noted above, Noire Blanc' infringing production "Sinners and Saints" contains the results and proceeds of Company's employees' work, which is owned exclusively by Plaintiff.

87. Defendants' are manufacturing, advertising, producing, distributing, and licensing Noire Blanc's infringing motion picture to potential customers and representing that the work is owned by Noire Blanc.

88. Defendants are thus using the results and proceeds of Company's employees' work to sell their own infringing production.

89. Defendants' acts are likely to confuse the public regarding the origin of the production which is being manufactured, advertised, produced, distributed, and licensed by the Defendants.

90. This conduct of the Defendants constitutes passing off and a false designation of origin in connection with goods moving in interstate commerce and a false description and representation of the nature, characteristics, and qualities of the goods sold by the Defendants, and is a wrongful infringement and unfair competition actionable under Section 43(a) of the Lanham Act.

91. As a direct and proximate result of Defendants' passing off, wrongful infringement and unfair competition, Plaintiff has been damaged in an amount to be proven at trial together with attorney fees and costs as provided in the Lanham Act.

## NINTH CLAIM FOR RELIEF
## STATE LAW CLAIM FOR ACCOUNTING OF PROFITS

92. Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 91, inclusive, and incorporates them herein by this reference

93. Defendants, Noire Blanc, Anchor Bay and Moonstone, have manufactured, distributed and sold Noire Blanc's motion picture "Sinners and Saints" which infringes upon the Plaintiff's protected work. As a result of such sales, Defendants, Noire Blanc, Anchor Bay and Moonstone, have received substantial sums of money, the exact amount of which is at this time unknown.

94. Plaintiff is entitled to an accounting from Defendants, Noire Blanc, Anchor Bay and Moonstone, in an effort to ascertain the exact amount of money received by the Defendants as a result of their infringing activities.

95. Plaintiff demands a full accounting of all advances, advantages, royalties, and income related to the Defendants' exploitation of the Noire Blanc's production "Sinners and Saints" in any and all media and mediums throughout the world.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant, Noire Blanc, Anchor Bay, and Moonstone as follows:

1. That the Production Services Agreement between Plaintiff and Noire Blanc be declared null or voidable and that any subsequent agreement between Noire Blanc, Anchor Bay and Moonstone as it relates to the motion picture "Sinners and Saints" be likewise declared null;

2. That the Court find that the Defendants have infringed Plaintiff's copyright;

3. That the Court find a substantial likelihood that Defendants will continue to infringe Plaintiff's copyrights in the subject work unless enjoined from doing so;

4. That Defendants, Noire Blanc, Anchor Bay and Moonstone, its directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined from directly or indirectly infringing Plaintiff's copyright, unlawfully profiting from use of Plaintiff's employees' work or continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop, or manufacture any works derived or copied from the Plaintiff's production or to participate or assist in any such activity;

5. That Defendants, Noire Blanc, Anchor Bay and Moonstone, its directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined to return to Plaintiff any and all originals, copies, facsimiles, or duplicates of film or media containing the results and proceeds of Plaintiff's employees' work in their possession, custody or control;

6. That Defendants, Noire Blanc, Anchor Bay and Moonstone, its directors and officers, agents, servants, employees and all other persons in active concert or privity or in participation with them, be enjoined to recall from all distributors, and all others known to Defendants, any originals, copies, facsimiles, or supplicates of any works shown by the evidence to infringe upon any work owed by the Plaintiff;

7. That Defendants, Noire Blanc, Anchor Bay and Moonstone, be enjoined to deliver upon oath, to be impounded during the pendency of this action and destroyed pursuant to judgment herein, all originals, copies, facsimiles, or duplicates of any work shown by the evidence to infringe upon any work owned by the Plaintiff;

8. That Defendants, Noire Blanc, Anchor Bay and Moonstone, be required to file with the Court and to serve on Plaintiff, within thirty (30) days after service of the Court's order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which Defendants has complied with the Court's order;

9. That judgment be entered for Plaintiff and against Defendants, Noire Blanc, Anchor Bay and Moonstone, for Plaintiff's actual damages according to proof on each count, and for any profit attributable to infringements of Plaintiff's works, in accordance with proof;

10. That Defendants' be required to account for all gains, profits, and advantages derived from its acts of infringement and for its other violations of law;

11. That all gains, profits, and advantages derived by Defendants from its acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of Plaintiff;

12. That an accounting be made between the Plaintiff and Defendants, Noire Blanc, Anchor Bay and Moonstone;

13. That a payment to Plaintiff be made of the amount due from Defendants, Noire Blanc, Anchor Bay and Moonstone;

14. That Plaintiff have judgment against Defendants, Noire Blanc, Anchor Bay and Moonstone for Plaintiff's costs and attorneys' fees;

15. That Plaintiff be granted special damages under the Louisiana Unfair Trade Practices Act; and

16. That the Court grant such other, further, and different relief as the Court deems proper under the circumstances.

          **RESPECTFULLY SUBMITTED:**
          **THE MAUGHAN LAW FIRM**


          s/ Roy H. Maughan, Jr.       .
          **ROY H. MAUGHAN, JR., #17672**
          **NAMISHA D. PATEL, #31911**
          **634 CONNELL'S PARK LANE**
          **BATON ROUGE, LOUISIANA 70806**
          **TELEPHONE: (225) 926-8533**
          **FAX: (225) 926-8556**


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of December 2013, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system that will send notice of electronic filing to all counsel of record and/or all parties.

          s/ Roy H. Maughan, Jr.
          **ROY H. MAUGHAN, JR.**